**Claim Details:**

**Kahlil Hill VS NYC Department of Human Resources Administration Department of Social Services**

On Friday December 6th, 2024 at or between 2:30 PM and 2:40 PM the Plaintiff Kahlil Hill entered the New York City Department of Social Service Human Resources Administrative Center 54 building; located in NYC Queens County at 165-08 88th Avenue, Queens, NY 11432. The reason the plaintiffs' visit to The Human Resources Administration Office was to address a letter the plaintiff received from the Human Resources Administrative sent to the plaintiff by an employee named T. Robles. The letter indicated that the plaintiff would receive benefits which were not issued and no date on the letter to indicate when the benefits would be available. After the plaintiff contacted the Human Resources Administration Center 54 via telephone for 4 days, and waited in que for over 4 hours each time, eventually the plaintiff decided to visit Center 54 in person to address her concerns.

Once the plaintiff entered the building, she joined the line in the public area of the building in order to get a ticket which was needed in order to be seen by someone that works in the office. When the plaintiffs' turn came to use the kiosk to retrieve the ticket, she walked to a kiosk, put her information in, which a ticket was automatically generated for the plaintiff. When I looked at the ticket it indicated that I was there to submit documents. Since I know that my case has been approved, and all of the documents have been submitted through the access HRA application, I assumed the machine made an error or I made an error in my selection, so I proceeded to get another ticket from the kiosk. Again, I put my information into the kiosk at the center 54, a ticket was generated and printed. However, this time a customer service ticket was generated for me. I took the ticket and proceeded to the public waiting area where other clients were piled together waiting to be seen. There was no area for disabled people. Once in the public waiting area I took a seat in the back of the public waiting area which was over crowded.

After about 1 and ½ hours the ticket that the plaintiff received from the kiosk for submitting documents was called by Ms. T. Robles. The plaintiff was excited because Ms. Robles is the worker who sent the letter to her that stated she would get the benefits; the same letter she was at the Center to address. Once engaged with Ms. Robles, she stopped the plaintiff from going to the private space where she interviews her clients. Instead asked the plaintiff right in the public area in front of all of the other clients waiting in the public area, what she was there for. The plaintiff said hello and started to explain why she was there, she cut the plaintiff off and Ms. Robles said that she is only doing documents today and she cannot help the plaintiff with this. Before the plaintiff started to ask another question Humans Resources Administrative Police Officer Defendant 3. Selles, Badge No. 1946 who was standing right beside interjected into the conversation to try and help Ms. Robles explain something to the plaintiff in which the plaintiff asked her not to interrupt because she is not a worker and should not be listening or giving advice to the clients. The plaintiff then turned back to Ms. Robles and asked MS Robles who can she talk to about the letter and the benefits she was supposed to receive, since Ms. Robles was the one who sent the letter, which at the time the plaintiff the letter in her hand showing it to Ms.

Robles during the conversation. Ms. Robles continues to say that she can't help the plaintiff because she is only doing documents. The plaintiff asked Ms. Robles what documents she needed to submit because the plaintiff submitted everything on the app. Ms. Robles then said "if you don't know what documents you need then I can't help you". The plaintiff said I do know what document I need to submit but you have to help me. Ms. Robles, still in the public area in front of all the other people said "don't talk to me like that" and then proceeded to turn around and walked away from the plaintiff without any other discussions. Ms. Robles did not come back out until she called her next client. All of which was recorded on Officer Selles, Badge No. 1946 body camera. Sellas seemed to be stalking clients as I have her in another video trying to tell clients about their case while at the customer service window.  Selles, Badge No. 1946   was standing close by as soon as my ticket was called.

After Ms. Robles walked away from the plaintiff; the plaintiff was embarrassed and anxious. Once Ms. Robles reappeared in the public area of the building where she originally spoke to the plaintiff, the plaintiff pulled her cellphone camera and began to record her interactions so thatit is documented how the clients are being treated without dignity and being humiliated; all of which occurred in the public waiting area of the Center.

As the plaintiff pulled her camera phone out and attempted to move closer to record a better view of Ms. Robles while she was in the public area of the waiting room and still about 50 feet from Ms. Robles; Human Resource Police Officer Chanderdat, Badge No. 522 approached the plaintiff very aggressively getting inches from the plaintiff face yelling at her to stop recording and that they have a policy which says clients are not allowed to record in the building. The plaintiff explained to them that she is allowed to record and they are wrong. The First Amendment of the Bill of Rights states that I have the right to record public officials in public spaces while they are performing the work tax dollars pay them for. At that time three other human resource administrative police officers started to surround the plaintiff escalating the situation, yelling and surrounding the plaintiff, causing the plaintiff to go into a severe anxiety/panic attack. The New York City Human Resource Administration Police officers involved are: Chanderdat, Badge No. 522, Roberts, Badge No. 1882, Roberts, Selles, Badge No. 1946 and an unknown officer not with the Human Resources Administrative Police. At that time, the officers all began to push and shove the plaintiff with their bodies, instigating and causing physical interaction with them and the plaintiff.

As the plaintiff yelled "don't touch me" she was shoved towards the exit while surrounded by the officers causing the plaintiff to bump into them in a back-and-forth circle motion. The plaintiff continued to ask for the officers to show her where the sign was that states that she is not allowed to record in the public area of the building, and for them to stop touching me. Officer Sellas and Roberts began getting really aggressive causing their chests to bump up on the plaintiff and her camera. Sellas was yelling get the camera out of my face when actually she put her chest and face to the camera.

As the plaintiff was shoved and pushed closer to the door and as she backed out of the officers' circle of assault so to create some distance between the officers and she. Before the

plaintiff could ask another question Officer Chanderdat, Badge No. 522, asked the plaintiff if she was going to leave the building in a threatening way and before the plaintiff could answer he rushed the plaintiff and began to hand cuff her. The plaintiff did not commit a crime and did not resist. While the plaintiff was being handcuffed by Officer 522, Officer Roberts, Badge No. 1882 immediately went behind the plaintiffs' back while officer 522 was putting the plaintiff in hand cuffs and began to bend her wrist to remove her cell phone from her cuffed hands in an attempt to erase the video footage the plaintiff just recorded. The defendants assaulted the plaintiff while performing an illegal seizure of her personal belongings.

After the plaintiff was assaulted and taken to the back of the building in a private room where she was held for nearly an hour and a half with her hands cuffed behind her back, and directed to sit in a chair, causing damage to the plaintiffs' left shoulder and wrist. The plaintiff asked if she was detained and Office Badge No. 522 said yes. The plaintiff asked why and was told for trespassing. I explained this is a public place and unless I've committed a crime I cannot be trespassed from the public.

During the time the plaintiff was held in captivity by the Human Resources Administrative police officers she was subject to another illegal search and seizer of her purse. As soon as the plaintiff Officer Selas, Roberts and Officer Badge No. 522 reached the room, the plaintiff was directed to sit down; While the plaintiff was still in handcuffs and at this time still had her purse in her hands and which were still handcuffed behind her back; Officer Roberts, Badge No. 1882 comes over and says give me your purse.  The plaintiff told her no she does not have a right to search her bag because she did nothing wrong and it is illegal what Roberts was doing. While still hand cuffed to the back and leaning on her purse which was in her hands, Officer Roberts pushed the  plaintiff forward and forced the purse from the plaintiff's hands. Officer Roberts searched the plaintiffs' purse while officer Sellas 1946 fumbled with her body camera which was completely dismantled by this time and removed from her chess in an attempt to remove footage.

The plaintiff began to state her opinions about the incident. Officer Sellas taunted the plaintiff and called her crazy for exercising the right to record public official on duty while they are working in public spaces. The plaintiff asked for the Seargent so that he or she may diffuse the situation. The plaintiff also requested for the NYPD so that she could make a report to document the situation. When the human resources Sergeant Jane Doe came into the room, the plaintiff attempted to speak to her to ask her to uncuff the plaintiff. The Jane doe Seargent on Duty ignored her and went straight to Officer Sellas to ask if she had searched the plaintiff in which both Robberts and Sellas said yes.  The plaintiff never got to speak to the Jane doe sergeant she left without giving the plaintiff her information and it could not be recorded because officer Roberts illegally seized the plaintiffs phone. The Plaintiff continuously asked to be uncuffed and asked to see a sign that prohibited her from recording in the public area. She was ignored. The Administrative officers waited for the NYPD to show up to take further action.

  The NYPD showed up and did not know what the law was on recording in the public space so the plaintiff asked for the NYPD Seargeant. Once the NYPD Seargeant arrived, he said to the plaintiff that he's going to set me free at which time the plaintiff was in tears because she felt humiliated, abused stressed. Of all the officers NYPD and Human Resources no one knew the law and no one apologized to me. The Plaintiff asked the NYPD Seargeant if she could make a report in which he replied there is no report to make and then walked out of the room. Before leaving the NYPD Sargent directed the human resource police to release her. The plaintiff to get both the NYPD and Human Resources Police Sergeants' name but they both refused and walked away.

  Once the plaintiff was to be released officer Badge No. 522 stated to the plaintiff that she is lucky she's not getting a summons. The plaintiff asked a summons for what in which he said nothing.

  The plaintiff was finally uncuffed and was escorted out of the center by the remaining NYPD officers and told not to go back into the center or she would be arrested for trespassing. With no money or resources at the moment the plaintiff broker down band requested an ambulance. The plaintiff waited outside of the center along with two officers for the ambulance to arrive and then I went to the hospital.

  At the hospital the plaintiff received treatment to her left shoulder and wrist, along with pain medication and muscle relaxers. The plaintiff still has pain and will be following up with her doctor. The plaintiff was discharged and went home distraught in pain humiliated hungry and feeling violated.

500 Pearl Street, Room 250
New York, New York 10007


City of New York Comptroller, One Center Street, New York, NY 10007


https://pacer.psc.uscourts.gov/