UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KAHLIL K. HILL,

                Plaintiff,

    -against-

THE NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION DEPARTMENT OF SOCIAL
SERVICES; SERGEANT CHANDERDAT, Human
Resources Administration Police Officer, Badge No.
522; POLICE OFFICER SELLES, NYC Human
Resources Administration Police Officer, Badge
No. 1946; POLICE OFFICER ROBERTS, Human
Resources Administration Police Officer, Badge No.
1882; SERGEANT JANE DOE,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-911 (OEM) (PK)

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Kahlil K. Hill ("Plaintiff") brings this action pro se under 42 U.S.C. § 1983 against the New York City Human Resources Administration Department of Social Services ("HRA"), and HRA police officers Sergeant Chanderdat, Badge No. 522, Police Officer Selles, Badge No. 1946, Police Officer Roberts, Badge No. 1882, and Sergeant Jane Doe.[1] Complaint, ECF 1 ("Compl"); Compl. Ex. 1, ECF 1-1; Compl. Ex. 2, ECF 1-2; Compl. Ex. 3, ECF 1-3; Compl. Ex. 4, ECF 1-4. Plaintiff alleges civil rights violations, including excessive force, false imprisonment, and illegal search and seizure, and retaliation for exercising her First Amendment rights. *Id.* Before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF 2. Plaintiff's IFP application is granted, and for the following reasons, the City of New York is substituted as a proper defendant, in place of the HRA.

---

[1] This action was transferred to this court from the United States District Court for the Southern District of New York on February 18, 2025. Transfer Order, ECF 5.

## BACKGROUND

Plaintiff brings this action regarding an incident that allegedly occurred on December 6, 2024, at the HRA Benefits Access Center in Jamaica, New York. Plaintiff alleges that she visited the HRA center to inquire about a letter sent to her by HRA employee T. Robles, informing Plaintiff that she would receive benefits. Compl. Ex. 3 at 1. Plaintiff claims that although Robles spoke with her briefly, Robles refused to provide Plaintiff a private consultation or offer any assistance. *Id.* at 1-2. Plaintiff states that she then "pulled [out] her cellphone camera and began to record [Robles'] interactions so that it [wa]s documented [that] the clients [wer]e being treated without dignity and being humiliated . . . ." *Id.* at 2. Thereafter, Officer Chanderdat, "approached the plaintiff very aggressively getting inches from the plaintiff['s] face yelling at her to stop recording and that they have a policy which says clients are not allowed to record in the building." *Id.* As Plaintiff objected and argued that the First Amendment gave her the right to record public officials, some HRA officers "started to surround the plaintiff." *Id.* Officers Selles and Roberts became physically aggressive, pushing Plaintiff toward the exit and causing her to "bump into them in a back-and-forth circle." *Id.*

Plaintiff states that the confrontation escalated when Officer Chanderdat, "asked the plaintiff if she was going to leave the building in a threatening way and before the plaintiff could answer he rushed the plaintiff and began to handcuff her." *Id.* at 3. Plaintiff alleges that Officer Roberts went to assist Officer Chanderdat, reached behind Plaintiff, and forcibly bent her wrist to remove her phone in an attempt to erase the footage. *Id.* Plaintiff alleges that she was then taken to a private room, where she remained handcuffed for over an hour and a half, during which time Officer Roberts forcibly took and searched her purse without her consent. *Id.* When Plaintiff requested to speak with a supervisor, HRA Sergeant Jane Doe arrived but ignored her, "and went

straight to Officer Sellas [sic] to ask if she had searched the plaintiff in which both Rob[erts] and Sellas [sic] said yes." *Id.* Plaintiff was eventually escorted out of the building by NYPD officers and Plaintiff requested an ambulance, which took her to a hospital for treatment of alleged injuries to her left shoulder and wrist. *Id.* at 4. Plaintiff seeks money damages and injunctive relief. Compl. Ex. 4.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pro se complaint must beheld "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

The HRA is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter ch. 17, § 396.

However, in light of Plaintiff's pro se status, the Court substitutes the City of New York as the proper defendant under Federal Rule of Civil Procedure 21. FED. R. CIV. P. 21 ("[O]n its own, the court may at any time, on just terms, add or drop a party."); *see Obah v. Dep't of Admin. for Children's Servs.*, 23-CV-04997 (GHW) (SDA), 2024 WL 2848903, at *5 (S.D.N.Y. May 2, 2024), *report and recommendation adopted sub nom. Obah v. Dep't of Admin. for Child. Servs.*, 2024 WL 2848883 (S.D.N.Y. May 30, 2024) (collecting cases); *Guerrero v. FJC Sec. Servs. Inc.*, 10-CV-9027 (JPO), 2012 WL 2053535, at *2 (S.D.N.Y. June 5, 2012) (explaining that where a plaintiff sued the HRA, "in light of [the] [p]laintiff's *pro se* status and clear intention to assert claims against the City of New York," the Court construed the plaintiff's complaint "as asserting claims against the City of New York[,]" instead of the HRA) (citing FED. R. CIV. P. 21); *Andrews v. DHS*, 19-CV-5622 (CM), 2019 WL 3748171, at *4 (S.D.N.Y. Aug. 7, 2019) ("In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York") (citing FED. R. CIV. P. 21). This amendment is without prejudice to any defenses the City of New York may assert.

## CONCLUSION

Accordingly, Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF 2, is granted, the City of New York is substituted as a party for the HRA, and Plaintiff's claims against the City of New York, HRA Sergeant Chanderdat, Badge No. 522, HRA Police

4

Officer Selles, Badge No. 1946, HRA Police Officer Roberts, Badge No. 188, and HRA Sergeant Jane Doe shall proceed.

The Clerk of Court is respectfully directed to (1) substitute the City of New York as the proper defendant in place of the HRA, (2) amend the caption of this action to replace the HRA with the City of New York, and (3) prepare and issue summonses for the Corporation Counsel for the New York City Law Department, HRA Sergeant Chanderdat, Badge No. 522, HRA Police Officer Selles, Badge No. 1946, and HRA Police Officer Roberts, Badge No. 188.  The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff and to the Corporation Counsel for the City of New York, Special Federal Litigation Division, and to note the mailings on the docket.

The United States Marshals Service is directed to serve the summonses, complaint, and this Order upon these Defendants, without prepayment of fees.

The Court requests that the Corporation Counsel for the New York City Law Department ascertain the full name and service address of HRA Sergeant Jane Doe who is alleged to have been involved in the events that occurred on December 6, 2024.  *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam).  Corporation Counsel need not undertake to defend or indemnify this individual at this time.  Corporation Counsel shall produce the information by April 30, 2025.  Once this information is provided, Plaintiff's complaint shall be deemed amended to reflect the full name and service address of HRA Sergeant Jane Doe, the Clerk of Court shall issue a summons for HRA Sergeant Jane Doe, and the United States Marshals Service shall serve the summons, complaint, and this Order upon HRA Sergeant Jane Doe without prepayment of fees.

      For information regarding court procedures, Plaintiff may contact the Pro Se Office by calling (718) 613-2665.

SO ORDERED.

Dated: April 7, 2025
       Brooklyn, New York

                                                                   /s/
                                                          ORELIA E. MERCHANT
                                                          United States District Judge